IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HOLTZ, # B-29766, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00367-MJR |
| | ) |
| PHIL MARTIN and JOHN COE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff William Holtz, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action *pro se* for alleged violations of his constitutional rights under 28 U.S.C. § 1983 (Doc. 1). He claims that Phil Martin, the medical director, and John Coe, a doctor, have denied Plaintiff treatment for a broken hand since October 8, 2013. Plaintiff now sues Defendants Martin and Coe for violating his rights under the Eighth Amendment. He seeks monetary damages.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

## The Complaint

According to the complaint, Plaintiff has been denied treatment for a broken left hand since October 8, 2013 (Doc. 1, pp. 6-10). On that date, Plaintiff visited Lawrence's healthcare unit ("HCU") with a swollen and painful hand (Doc. 1, p. 6). He received no treatment for it. After "suffering through a day of excruciating pain in [his] left hand," Plaintiff returned to the HCU. A nurse gave him some Tylenol, which provided no relief. She also scheduled an x-ray of Plaintiff's hand, after noticing that it was warm to the touch.

On October 10, 2013, Plaintiff met with a nurse practitioner[1] (Doc. 1, p. 7). After an x-ray was taken of his hand, the nurse practitioner placed Plaintiff's hand in a splint and instructed him not to use it. She gave Plaintiff a low bunk permit and scheduled a follow-up appointment with Defendant Coe for the next week. Plaintiff did not see Defendant Coe, or any other medical provider, for more than a month. Even then, he met with the nurse practitioner instead of Defendant Coe.

It was during this appointment the following month that Plaintiff first learned the results of his x-ray. The x-ray showed an intra-articular fracture to the third metacarpal of Plaintiff's left hand. By the time Plaintiff learned these results, however, his broken hand had healed incorrectly. Plaintiff now describes his left hand, which is his dominant hand, as "non-functioning" (Doc. 1, p. 8). His attempts to use it cause pain.

Plaintiff alleges that he also made numerous attempts to obtain medical treatment from Defendant Martin and others[2] (Doc. 1, pp. 9-10). He wrote Defendant Martin directly in November and December 2013 requesting treatment. However, Defendant Martin took no action to treat Plaintiff or to ensure that he was adequately treated (Doc. 1, p. 10).

---

[1] The nurse practitioner is not named as a defendant.
[2] Although Plaintiff mentions contacting Warden Marc Hodge, Counselor Horton, and Wexford Health Sources, he does not name any of them as defendants in this action.

Plaintiff now sues Defendants Martin and Coe for displaying deliberate indifference to his medical needs in violation of the Eighth Amendment (Doc. 1, pp. 11-13). He seeks compensatory and punitive damages from both defendants.

### Discussion

After fully considering the allegations in the Complaint, the Court finds that it states a colorable Eighth Amendment medical needs claim (**Count 1**) against Defendants Coe and Martin. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage, the complaint appears to satisfy both prongs of this test. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Coe and Martin at this time.

### Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

### Disposition

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS PHIL MARTIN** and **JOHN COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United

States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 22, 2014**

s/ MICHAEL J. REAGAN
United States District Judge