IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM HOLTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-367-NJR-DGW |
| | ) | |
| | ) | |
| PHIL MARTIN and JOHN COE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation

on the question of whether Plaintiff exhausted his administrative remedies prior to filing this

lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons

set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by

Defendant Phil Martin (Doc. 32) be **GRANTED**, and that the Court adopt the following findings

of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, William Holtz, filed this action alleging that Defendants Phil Martin and John

Coe were deliberately indifferent to his medical needs while he was incarcerated at Lawrence

Correctional Center ("Lawrence").   More specifically, Plaintiff's complaint alleges that

Defendants denied him treatment for a broken hand and, as a result, his hand healed incorrectly

and it is no longer functioning.

On October 2, 2014, Defendant Phil Martin, the Medical Director at Lawrence, filed a Motion for Summary Judgment (Doc. 32) arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this suit.  Based on the affidavit of Sarah Johnson, Chairperson for the Administrative Review Board ("ARB"), Defendant Martin asserts that the ARB never received a grievance from Plaintiff complaining of medical treatment for his broken hand.  Moreover, Defendant asserts that although Plaintiff filed three grievances concerning medical treatment for his broken hand, these grievances were not fully exhausted and did not implicate Defendant Martin.  Accordingly, Defendant asserts they are insufficient to establish exhaustion.

Plaintiff filed a response to Defendant's Motion on October 27, 2014 (Doc. 37), asserting that he was thwarted in his attempts to exhaust his administrative remedies.  Plaintiff asserts that the institution's failure to respond to his grievances in a timely manner rendered the procedure "unavailable."

***Pavey Hearing***

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on December 2, 2014.  At the hearing, Plaintiff conceded that he did not exhaust his administrative remedies with respect to grievances dated December 28, 2013 and January 11, 2014.  However, Plaintiff asserted that his attempts at exhaustion were thwarted with respect to a grievance Plaintiff filed on January 3, 2014.

Plaintiff's grievance dated January 3, 2014 complains about ongoing problems he was having with his left hand.  Plaintiff asserts that a fracture in his hand healed without receiving

proper medical attention and, as a result, it may have to be re-broken in order to repair it. Plaintiff requested medical care to alleviate his pain and asked that Defendant Dr. Coe be fired. Plaintiff's counselor responded to this grievance on January 17, 2014 and, at the hearing, Plaintiff testified that once he received the counselor's response he put the grievance into the grievance box to be forwarded to the grievance officer. Although the grievance officer received this grievance on February 6, 2014, he did not review the grievance until June 2, 2014, after Plaintiff initiated this lawsuit. The CAO responded to this grievance on June 5, 2014.

Plaintiff avers that he filed this lawsuit on March 21, 2014, approximately two months after sending his January 3, 2014 grievance to the grievance officer, as he had not yet received a response. Plaintiff contends that waiting approximately two months for the grievance officer's response was sufficient prior to filing suit as he was in pain and was waiting for treatment for a broken hand. In response, Defendant contends that the January 3, 2014 grievance is insufficient to exhaust against Defendant Martin as he was not named in Plaintiff's grievance and prison staff was not put on notice that Defendant Martin was the subject of the grievance.

CONCLUSIONS OF LAW

### Summary Judgment Standard

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

### *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

***Exhaustion Requirements under Illinois Law***

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b).  The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint.  *Id.* § 504.810(b).  The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance.  *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d).  An inmate may appeal the decision of the CAO in writing

within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v.*

*Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### *Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies as to Defendant Martin prior to filing this suit.

Plaintiff relies on his grievance dated January 3, 2014 to establish exhaustion. More specifically, Plaintiff asserts that the administrative process was made "unavailable" to him with respect to this grievance because the grievance officer and CAO failed to respond within 60 days. The Court notes that Plaintiff avers he sent this grievance to the grievance officer on January 17, 2014. However, the grievance officer did not respond until June 2, 2014, approximately four and one-half months after Plaintiff submitted it for review. Further, the CAO did not provide a response until June 5, 2014. Plaintiff correctly states that Section 504.830(d) of the Illinois Administrative Code provides that an offender should be notified of the CAO's decision on a grievance within two months of it having been filed. However, the Administrative Code further provides that the two month timeframe is mandatory only "where reasonably feasible under the circumstances." There is no indication in the statute that the CAO must provide an explanation as to why a particular grievance may have taken more than two months to receive a response.

Accordingly, the question for the Court is whether it was reasonable for Plaintiff to file suit after waiting approximately two months and four days for a response to his grievance. The

Illinois Administrative Code clearly allows for the grievance officer and CAO to respond to an inmate's grievance beyond a two month period.  Although the Court need not determine how long is sufficient for an inmate to wait for a response before filing suit, the Court is convinced that two months and a mere four days is not sufficient.  As provided by the Seventh Circuit, even though the warden may be required to respond within two months of receiving a grievance, a prisoner litigant cannot "make a beeline for court" the moment this deadline passes.  *Mlaska v. Shah*, 428 Fed. Appx. 642, 645 (7th Cir. 2011) (quoting *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)).  In this case, it certainly appears that Plaintiff made a "beeline" for the Court after the two month timeframe expired.  As such, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Martin prior to filing this suit.

### RECOMMENDATIONS

Based on all the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Phil Martin (Doc. 32) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit against Defendant Martin; that Defendant Martin be **DISMISSED without prejudice**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

DATED: February 9, 2015

**DONALD G. WILKERSON**
**United States Magistrate Judge**