IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HOLTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-0367-NJR-DGW |
| | ) |
| PHIL MARTIN and JOHN COE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 45), which recommends that this Court grant Defendant Phil Martin's motion for summary judgment based on exhaustion (Docs. 32 & 33). The Report and Recommendation was entered on February 9, 2015. No objections have been filed.

Plaintiff William Holtz filed this case on March 21, 2014, asserting that Defendants Phil Martin and John Coe were deliberately indifference to his medical needs while he was incarcerated at Lawrence Correctional Center ("Lawrence"). More specifically, Plaintiff claims that Defendants denied him treatment for a broken hand and, as a result, his hand healed incorrectly and it is no longer functioning.

On October 2, 2014, Defendant Phil Martin, the Medical Director at Lawrence, filed a Motion for Summary Judgment (Docs. 32 & 33) arguing that Plaintiff failed to exhaust his administrative remedies before bringing suit. Defendant Martin relies on

Page 1 of 3

the affidavit of Sarah Johnson, a chairperson of the Administrative Review Board ("ARB"), to assert that the ARB did not receive a grievance from Plaintiff complaining of medical treatment for his broken hand. Defendant points out that, although Plaintiff filed three grievances concerning medical treatment for his broken hand, these grievances were not fully exhausted and did not implicate Defendant Martin.

Plaintiff filed a response to Defendant's Motion for Summary Judgment on October 27, 2014, arguing that he was thwarted in his attempts to exhaust and the institution's failure to respond to his grievances in a timely manner rendered the procedure "unavailable." (Doc. 37).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendant's motion on December 2, 2014. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 45). Objections to the Report and Recommendation were due on or before February 26, 2015. Plaintiff did not file an objection.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and

Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis and conclusions with respect to the issue of exhaustion. Accordingly, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Martin prior to filing this lawsuit.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 45) and **GRANTS** Defendant Martin's Motion for Summary Judgment (Docs. 32 & 33). Plaintiff's claim against Defendant Martin is **DISMISSED without prejudice**. The claim against Defendant John Coe remains.

IT IS SO ORDERED.

DATED: April 28, 2015

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**