IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HOLTZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-367-NJR-DGW |
| JOHN COE, | ) |
| Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Leave to File an Amended Complaint filed by Plaintiff, William Holtz, on September 9, 2015 (Doc. 55). For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff William Holtz is an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Dixon Correctional Center. Plaintiff filed his initial complaint *pro se* on March 31, 2014, pursuant to 42 U.S.C. § 1983, alleging Defendants, Dr. John Coe and Medical Director Phil Martin, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. More specifically, Plaintiff alleged that he suffered a fracture in his left hand that Defendants failed to treat and, as a result, the fracture healed incorrectly. Defendant Martin was dismissed without prejudice on April 28, 2015, due to Plaintiff's failure to adequately exhaust his claim against this Defendant prior to filing suit.

Plaintiff, through counsel, now seeks leave to file an amended complaint (Doc. 55). In his proposed amended complaint, Plaintiff seeks to: (1) better outline and plead his Eighth

Amendment claim against Defendant Dr. Coe; (2) pursue an Eighth Amendment claim and medical negligence claim against Elaine Burcham f/k/a Hardy, N.P.; and (3) pursue an Eighth Amendment claim and negligence claim (respondeat superior) against Wexford Health Sources, Inc.

Defendant John Coe argues that Plaintiff's Motion to Amend should be denied as it will cause an amendment to the scheduling order without good cause and will unduly prejudice Defendant Coe. Specifically, Defendant Coe complains that allowing such an amendment would necessarily require extensive additional discovery and would essentially restart this case from the outset.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires. This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). Accordingly, the Court is to liberally allow amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). However, the terms of Rule 15(a) do not mandate that leave be granted in every case and a court may properly deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). An amendment is futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir.) (citing *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir.2013)).

While the Court recognizes that allowing Plaintiff to amend his pleading will necessarily require additional discovery, it finds that Defendant Coe will not suffer undue prejudice if Plaintiff's motion is granted. Importantly, Plaintiff has conducted discovery up to this point that will alleviate the need to "start this case from the outset." Moreover, the trial in this case is not impending and the timing of which provides ample time to adjust the schedule in this matter without affecting the trial date. Accordingly, Plaintiff's motion is not unduly delayed. For these reasons, Plaintiff's Motion for Leave to Amend (Doc. 55) is **GRANTED**. Plaintiff is **ORDERED** to file his amended complaint by **October 9, 2015**.

In light of Plaintiff's filing an amended complaint, the Court finds it necessary to address the schedule in this matter. The Scheduling Order is hereby **AMENDED** as follows:

1. Discovery shall be completed by **February 1, 2016**.
2. Dispositive motions shall be filed by **February 15, 2016**.

All other dates and deadlines remain unchanged.

**IT IS SO ORDERED.**

**DATED: September 30, 2015**

　　　　　　　　　　　　　　　　　　　　　　　　　*Donald Wilkerson*

　　　　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**